For use by inmates in filing a complaint under **CIVIL RIGHTS ACT, 42 USC §1983**

**INMATE NAME:** THOMAS A. RASE

**PRISONER NO.:** #1434775

**PLACE OF CONFINEMENT:** River North Correctional Center

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE ___Western___ DISTRICT OF VIRGINIA

THOMAS ALEXANDER RASE ,
**Plaintiff**

v.

**CIVIL ACTION NO.:** 7.20CUL009

OFFICER ADAMS, ET. AL. ,
**Defendant**

Corrections OFFICER
**(Title/Job Description)**

River North Correctional Center
329 Dell Brook Lane, Independence VA. 24348
**Address**

If there are additional defendants, please list them on a separate sheet of paper.
Provide all identifying information for each defendant named.

Plaintiff MUST provide a physical address for defendant(s) in order for the Court to
serve the complaint. If plaintiff does not provide a physical address for a defendant,
that person may be dismissed as a party to this action.

A. **Have you begun other actions in state or federal court dealing with
the same facts involved in this action or otherwise relating to your
imprisonment?**

Yes [ ]  No [✓]

B. **If your answer to "A" is Yes: You must describe any lawsuit, whether
currently pending or closed, in the space below. If there is more
than one lawsuit, you must describe each lawsuit on an additional
sheet of paper, using the same outline, and attach hereto.**
1. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

2. Court (if federal court, name the district; if state court, name the county):

_____

3. Date lawsuit filed:_____

4. Docket Number:_____

5. Name of Judge to whom the case was assigned:

_____

6. Disposition (Was the case dismissed? Appealed? Is the case still pending? What relief was granted, if any?):

_____

_____

C. **At what institution did the events concerning your current complaint take place:** _River North Correctional Center,  329 Dell Brook Lane,_ _Independence VA. 24398_

D. **Does the institution listed in "C" have a grievance procedure?**
   Yes [ ✓ ] No [ ]

E. **If your answer to "D" is Yes:**
   1. Did you file a grievance based on this complaint?

   Yes [ ✓ ] No [ ]

   2. If "Yes":

   Where and when: _At the prison, immediately after the incident._
   What was the result: _VDOC officials determined my claims were UNFOUNDED!_
   Did you appeal? Yes [ ✓ ] No [ ]
   Results of appeal: _VDOC officials upheld the UNFOUNDED result._

   3. If "No", explain why you did not submit your grievance to the prison authorities:

   _____

   _____

You may be required to exhaust your claims through any applicable grievance procedures. Your complaint may be dismissed if you fail to exhaust all avenues of the grievance process in a timely fashion.

(Please complete the attached "Verified Statement" and enclose evidence of your exhaustion of all available grievance procedures)

### F. If your answer to "D" is No:

1. Did you complain to the prison authorities?

    Yes [ ]  No [ ]

2. If "Yes":

    What steps did you take? _____

    _____

    _____

3. If "No", explain why you did not submit your complaint to the prison authorities:

    _____

    _____

### G. STATEMENT OF THE CLAIM – State here the facts of your case. Describe how each defendant is involved, the actions each defendant took in violation of your constitutional rights and how you were harmed by their actions. Include the dates, places of events and constitutional amendments you allege were violated. Also include the names of other persons involved, dates and places. Attach additional sheets if necessary.

Claim #1: Excessive force in violation of the 8th Amend. U.S. Const.

_____

Supporting Facts: See Complaint Attached

_____

_____

_____

_____

_____

I. **Places of incarceration (Please list the institution(s) at which you were incarcerated during the last 6 (six) months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.):**

River North Correctional Center, 329 Dell Brook Lane, Independence Virginia 24348

J. **Consent to trial by a magistrate judge (The parties are advised of their right, pursuant to 28 U.S.C. §636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit. You may consent at any time; however, an early consent is encouraged.)**

**Do you consent to proceed to proceed before a U.S. Magistrate Judge?**       Yes [✓] No [ ]

Signed this __6__ day of __October__ , __2020__ ,

_____
(If there is more than one plaintiff,
each plaintiff must sign for themselves)

**VERIFICATION:**
I, __Thomas Hernander Rose__ , state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that were dismissed on grounds that is was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of filing fees.

Signed this __6__ day of __October__ , __2020__ ,

_____
(If there is more than one plaintiff,
each plaintiff must sign for themselves)

**Claim #2:** RACIAL DISCRIMINATION in Violation of the 14th Amend. of the United States Constitution

**Supporting Facts:** _____

_____

_____

_____

_____

_____

_____

**Claim #3:** _____

_____

**Supporting Facts:** _____

_____

_____

_____

_____

_____

_____

**H. Relief Requested (check those remedies you seek):**

   ✓ Award money damages in the amount of $ TO BE DETERMINED!

   _____ Grant injunctive relief by _____

   _____ Other _____

_____

**I understand that in a §1983 action the Court cannot change my sentence, release me from custody or restore good time.  I understand I should file for a writ of habeas corpus if I desire this type of relief.** _J.B.B._ **(please initial)**

IN THE UNITED STATES

DISTRICT COURT

WESTERN  DISTRICT

OF  VIRGINIA


THOMAS A. ROSE, pro se


Vs.

OFFICER ADAMS, ET. AL.


CIVIL RIGHTS COMPLAINT
42 USC § 1983


THOMAS A. ROSE, #1434775
River North Correctional Center
329 Dell Brook Lane
Independence VA. 24348

TABLE OF CONTENTS

I. Preliminary Statement                    1.

II. Jurisdiction & Venue                     1.

III. Parties                                 2.

IV. Facts                                    2.

V Claims For Relief
    A. Excessive Force                       6.

    B. Racial Discrimination                 8.

VI. Relief Sought                           11.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

THOMAS ALEXANDER ROSE, # 1434775

Plaintiff

v.

Case No. _____

OFFICER ADAMS, ET. AL.

defendants

42 U.S.C. § 1983, CIVIL RIGHTS COMPLAINT

## I. PRELIMINARY STATEMENT

1. Thomas A. Rose was a prisoner at River North Correctional Center when the facts giving rise to this complaint commenced. Rose is a Black Man and member of the Black Lives Matter Virginia Prison Chapter and is suing Virginia Department of Corrections Officials for Discrimination using Excessive Force against him during a Fight where Rose was attacked and assaulted by a White assailant. Rose avers that throughout the ordeal force was only used on him because he is a black member of Black Lives Matter Virginia Prison Chapter in violation of the 8th and 14th Amendments of the United States Constitution. Rose seeks Monetary relief for his injuries.

## II. JURISDICTION & VENUE

2. The Court has jurisdiction over the plaintiff's Federal law claims pursuant to 28 U.S.C. § 1331 and § 1343 (a) (3).

3. Venue is proper under 28 U.S.C. § 1391 (b) (1) because one or more of the defendants is subject to the Court's personal jurisdiction with respect to

1.

## III. PARTIES

Plaintiff:

4.  Thomas A. Rose (hereinafter the plaintiff), a member of Black Lives Matter Virginia Prison Chapter (hereinafter BLMVAPC), has spent 5 years in the Virginia Department of Corrections (hereinafter VDOC) and is currently housed at River North Correctional Center (hereinafter RNCC), 329 Dell Brook Lane, Independence VA 24348.

Defendants:

5.  Officer Adams (hereinafter Adams) is a correctional officer at RNCC and his regular place of business is River North Correctional Center, 329 Dell Brook Lane, Independence Virginia 24348. Adams is being sued in his individual and official capacity.

6.  Officer Pasely (hereinafter Pasely) is a correctional officer at RNCC and his regular place of business is River North Correctional Center, 329 Dell Brook Lane, Independence Virginia 24348. Pasely is being sued in his individual and official capacity.

7.  Officer John Doe (hereinafter Doe) is a correctional officer at RNCC and his regular place of business is River North Correctional Center, 329 Dell Brook Lane, Independence Virginia 24348. Doe is being sued in his individual and official capacity.

## IV. FACTS

8.  On August 7, 2020, in housing unit C2 the plaintiff was randomly attacked by offender Larry Dodson #1394201 (hereinafter Dodson) a known affiliate of white supremacist groups with mental health issues.

2.

9. Dodson picked up a 60 gallon trashcan and threw it at the plaintiff while charging him.

10. The plaintiff locked up with Dodson in self defense and took Dodson to the floor to restrain him.

11. Dodson punched the plaintiff continously while the plaintiff attempted to restrain him causing a nose bleed and swelling in the right eye.

12. The plaintiff never struck Dodson during this entire incident.

13. Adams began shooting non lethal rubber bullet rounds at the plaintiff hitting him twice in the back and causing swelling and contusions.

14. The plaintiff then slid himself and Dodson underneath the microwave to avoid continuing being shot.

15. Pasely entered the unit with the strike force and immediately pepper sprayed the plaintiff which caused choking, gaging, and regurgitation of blood and saliva.

16. Doe then entered the pod with a K-9 dog in attack mode and ordered the K-9 to bite the plaintiff.

17. Dodson was seperated from the plaintiff and Doe allowed the K-9 to continue mauling the plaintiff for several minutes.

18. As Sergeant Evans of Officer Pasely were restraining Dodson, helping him to his feet and escorting him out of the unit unscathed, Doe still allowed the K-9 to continue mauling the plaintiff's leg causing dozens

3.

of lacerated wounds and leaving it permanently disfigured.

19. While in excruciating pain the plaintiff looked at Doe and calmly pleaded for Doe to remove the K-9 from his leg.

20. Doe then yelled at the plaintiff to "Turn Over!" as the dog continued to maul the plaintiff.

21. As the plaintiff began turning over Doe finally removed the dog from the plaintiff's leg.

22. After the incident the plaintiff was helped up, and escorted to the vestibule where he was placed in handcuffs.

23. Once in the vestibule, an officer attempted to place leg restraints on the plaintiff but decided against it after assessing the degree of blood and injuries on the plaintiff's leg.

24. As the officers began escorting the plaintiff to the medical unit an officer from behind the plaintiff yelled out, "Black Lives Matter!", causing the officers escorting the plaintiff to laugh.

25. Once in the medical unit, the plaintiff received medical attention for the injuries sustained from Dodson and the Defendants attacks.

26. Lieutenant May entered the Medical Unit with a video camera and recorded the plaintiff's injuries to his back, eyes, nose, and leg.

27. Warden Kanode, Assistant Warden White, Major Sharpe, Lieutenant

4.

Richards and several other Sergeants and officers came to the medical unit to observe the plaintiff's wounds.

28. Warden Kanode asked the plaintiff, "What happened?", which the plaintiff responded to saying, " go review the camera, I didn't do anything!"

29. Once the Warden and other officials left, another officer entered the room and informed me that he'd received a call for the plaintiff to go back to the building and stop the Unit Managers office after receiving treatment.

30. When the plaintiff arrived at the Unit Manager's office Sergeant Evans and Lieutenant Lowe informed the plaintiff that after reviewing the Camera it was determined that Dodson was the assailant and that the plaintiff was never the aggressor.

31. Sergeant Evans and Lieutenant Lowe both apologized to the plaintiff while explaining that Dodson was placed in the Restrictive Housing Unit for his actions and that the plaintiff would be returning to his general population cell.

32. The plaintiff has exhausted his administrative remedies with respect to all claims and defendants herein listed.

## V. CLAIMS FOR RELIEF

A. Excessive Force:

33. Plaintiff repeats the averments in paragraphs 1 to 32, as if fully set forth herein.

34. The Eighth Amendment of the U.S. Constitution provides that, "Excessive bail shall not be required . . . nor Cruel and Unusual Punishments inflicted." U.S. Const. Amend. VIII. The Supreme Court of the United States (hereinafter The Court) has long held that the Eighth Amendment protects persons from "unnecessary and wanton infliction of pain." Eighth Amendment Claims of Excessive Force requires prisoners to prove the officials involved possesed a culpable state of mind (subjective component) and Caused the prisoner a serious deprivation or injury (objective component). The prisoner must prove that, subjectively, the official acted "maliciously and sadistically for the very purpose of Causing harm" rather than "in good faith effort to maintain or restore discipline." The Court established Five (5) factual predicates to prove Malicious or Sadistic intent which includes:

    (1). The need for force
    (2). The degree of force used in relation to the need for force
    (3). The existence of a threat reasonably perceived by the official
    (4). Any efforts made to lessen the severity of a forceful response
    (5). The extent of the prisoners injury

In addressing the objective component the Court asks whether the force used was 'nontrivial.' The objective component also measures the force used against "Contemporary standards of decency."

6.

Rights

35. The plaintiff has a right to be free of Cruel and Unusual Punishments namely excessive force where prison officials shot the plaintiff with non lethal rubber bullet rounds, pepper sprayed the plaintiff, and sicced a dog on the plaintiff with malicous and sadistic intent.

Duties

36. Adams, Posely, and Doe have a legal duty to discern the amount of force needed to restore order and negative duty not to use force against the plaintiff with malicous and sadistic intent.

Cause Of Action

37. Adams breached his duties when he shot the plaintiff with non lethal rubber bullet rounds after wrongfully determining that the plaintiff was the assailant because he is black and Dodson was the victim of an assault because he is white. The actions and omissions of Adams were the proximate and legal cause of the plaintiff's permanent and legal injuries where the plaintiff was maliciously and sadistically shot with non lethal rubber bullet rounds when the plaintiff was never the aggressor and in fact was the victim of an unprovoked assault.

38. Posely breached his duties when he pepper sprayed the plaintiff after wrongfully determining that the plaintiff was the assailant because he is black and that Dodson was the victim of an assault because he is white. The actions and omissions of Posely were the proximate and legal cause of the plaintiff's permanent and legal injuries where the

plaintiff was maliciously and sadistically pepper sprayed when the plaintiff was never the aggressor and in fact was the victim of an unprovoked assault.

39. Doe breached his duties when he sicced a K-9 dog on the plaintiff allowing that dog to take many bites out of the plaintiff after wrongfully determining the plaintiff was the assailant because he is black and that Dodson was the victim of an assault because he is white. Doe also was irritated with the plaintiff's exhortation for Doe to remove the dog. The actions and ommissions of Doe were the proximate and legal cause of the plaintiff's permanent and legal injuries where the plaintiff was bitten by a K-9 dog under the malicious and sadistic order and signal of Doe when the plaintiff was never the aggressor and in fact was always the victim of an unprovoked assault.

B. Racial Discrimination:

40. The Equal Protection Clause of the Fourteenth Amendment provides that, "no state shall deny to any person within it's jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause protects prisoners from arbitrary and racial discrimination. For the purposes of Equal Protection analysis of race-based action toward prisoners Courts will consider four (4) factors:

(1.) Whether there is a valid, rational connection ████████ between the action and the penological interest;

(2.) whether there is an alternative means of exercising the right available to inmates;

(3.) What impact accomodation of the asserted right will have on the prison, including guards, other inmates, and prison resources; and

(4) the absence of ready alternatives that fully accomodate the prisoners rights at a de minimus cost to valid penological interest.

However, the 4th Circuit has emphasized that the perniciousness of race-based classification is not lessened simply because it affords more leeway to prison officials in operation at their facilities, and legitimate penological interest which will be served by race-based classifications will surely be few. ( see Morrison v. Garraghty, 239 F.3d 648)

## Rights

41. The plaintiff has a right to be free from arbitrary and capricious use of force based on prison officials racial bias.

## Duties

42. Adams, Posely, and Doe have a legal duty to apply and enforce the law equally to all prisoners no matter the prisoners race.

## Cause Of Action

43. Adams breached his duties when he shot the plaintiff with non lethal rubber bullet rounds after arbitrarily, capriciously, and unreasonably determining that the plaintiff was the assailant because he is black and a BLMVAPC member and that Dodson was the victim of an assault because he is white. The actions and omissions of Adams were the proximate and legal cause of the plaintiff's permanent and legal injuries

Where the plaintiff suffered direct discrimination when shot with non lethal rubber bullet rounds because he was a black man and member of BLMVAPC physically engaged ▆▆▆ with a white man.

44. Tasely breached his duties when he sprayed the plaintiff with pepper spray after arbitrarily, capriciously, and unreasonably determining that the plaintiff was the assailant because he is black and a BLMVAPC member and that Dodsan was the victim of an assault because he is white. The actions and omissions of Tasely were the proximate and legal cause of the plaintiffs permanent and legal injuries where the plaintiff suffered direct discrimination when pepper sprayed because he was black man and member of BLMVAPC who was physically engaged with a white man.

45. Doe breached his duties when he sicced the K9 dog on the plaintiff allowing that dog to take many bites out of the plaintiff's leg after arbitrarily, capriciously, unreasonably determining that the plaintiff was the assailant because he is black ▆ and a BLMVAPC member and that Dodsan was the victim of an assault because he is white. The actions and omissions of Doe were the proximate and legal cause of the plaintiff's permanent and legal injuries where the plaintiff suffered direct discrimination when Doe sicced a K9 dog on him because he was a black man and member of BLMVAPC who was physically engaged with a white man.

# VI. RELIEF SOUGHT

WHEREFORE, the plaintiff seeks a judgement against the Defendants:

46. Awarding plaintiff compensatory damages for his physical and mental injuries resulting from the defendants unconstitutional and tortious conduct.

47. Awarding plaintiff punitive damages for the racist, malicious, intentional, and wanton conduct of the defendants.

48. Awarding plaintiff nominal damages as statement of this Court's displeasure with the defendants conduct.

49. Granting such relief as the Court deems just and proper.

Respectfully Submitted,

Thomas A. Rose

Thomas A. Rose, pro se

River North Correctional Center

329 Dell Brook Lane

Independence VA 24348

State of Virginia
County of Grayson
On this 30th day of September
before me personally appeared
Thomas Rose
to me known to be the person who executed the
foregoing instrument, and acknowledged that the
execution was of his/her free act and deed.

SEAL (signed)

NOTARY PUBLIC

ERNEST STEVEN HODGE
NOTARY PUBLIC
REG. # 7819453
MY COMMISSION
EXPIRES
7/31/2023
COMMONWEALTH OF VIRGINIA

NOTARY

Sworn and subscribed before me this 30th day of September, 2020

I certify that this notary is
not a party to this action.
Thomas A. Rose (Offender)

Notary Public

My commission expires: 7/31/2023

11.

Thomas H. Rose 1434,775
River North Correctional Center
329, Dell Brook Lane
Independence, VA 24348

Uni
Wes
Off
210
Ro

RECEIVED
OCT 07 2020
RNCC Mailroom
Outgoing Legal Mail

Legal Mail

OCT 07 2020

OCT 07 2020

24748-9992

ted STATes DisTrict Court

ern District of Virginia Roanoke Division

ice of the Clark

Franklin, Road SouthWest Suite 540

anoKe, Virginia 24011